<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE BORBON,<br><br>            Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Civil Action No. 19-20527 (SDW)<br><br><br>**OPINION**<br><br><br><br>February 26, 2021 |

**WIGENTON**, District Judge.

Before this Court is Plaintiff Jose Borbon's ("Plaintiff") appeal of the final administrative decision of the Commissioner of Social Security ("Commissioner") with respect to the Appeals Council's partial denial of Plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act (the "Act"). This Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Venue is proper pursuant to 28 U.S.C § 1391(b). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court finds that the Appeals Council's factual findings are supported by substantial evidence and that its legal determinations are correct. Therefore, the Commissioner's decision is **AFFIRMED**.

**I.**      **PROCEDURAL AND FACTUAL HISTORY**

    **A.**    **Procedural History**

Plaintiff applied for DIB and SSI on December 8, 2015, alleging disability beginning on February 27, 2013. (Administrative Record ("R.") at 99, 108, 256–63.) The Social Security

Administration denied Plaintiff's applications both initially and on reconsideration. (R. 30.) Upon Plaintiff's request, Administrative Law Judge Jack Russak ("ALJ Russak") held an administrative hearing on February 27, 2018. (*Id.*) Plaintiff subsequently amended the alleged onset date of disability to April 30, 2014. (R. 289–90, D.E. 18 at 1 n.1.) On June 12, 2018, the ALJ issued a partially favorable written decision that Plaintiff was disabled and entitled to benefits beginning on February 24, 2015, but not for the ten months prior. (R. 30–39.)

The Appeals Council granted Plaintiff's request for review on July 12, 2019, finding ALJ Russak's failure to admit or review the medical records of Plaintiff's treating orthopedist, Francisco Gonzalez, M.D. ("Dr. Gonzalez"), to be an error of law. (R. 9, 249–54.) On September 16, 2019, after reviewing Dr. Gonzalez's records and the other records in this matter, the Appeals Council issued the Commissioner's final decision, adopting the ALJ's finding that Plaintiff was not disabled from April 30, 2014, through February 23, 2015, but that he became disabled on February 24, 2015. (R. 9–15.) On judicial review, Plaintiff asks this Court to reverse the Commissioner's decision or remand it for reconsideration. (D.E. 18 at 1.)[1]

**B.   Factual History**

Plaintiff is 47 years old with previous work experience as a shipping and receiving clerk and as a store laborer. (R. 37, 99.) On April 30, 2014, Plaintiff received his first x-ray revealing ankylosing spondylitis, a type of arthritis, and on February 24, 2015, Plaintiff was injured in a motor vehicle accident that caused injuries to his cervical and lumbar spine. (R. 35–36, 405.) Both the ALJ and Appeals Council found Plaintiff to be disabled beginning on the date of the accident.

---

[1] Plaintiff requested and received multiple extension of time in this case to file his moving brief, which was eventually filed on December 30, 2020, more than 13 months after the case was filed. (D.E. 18; *see* D.E. 5 (withdrawing call for dismissal), 11 (granting a 60-day extension), 13 (granting a 60-day extension), 15 (granting a 10-day extension), and 17 (granting a 30-day extension).) Defendant timely filed his opposition. (D.E. 19.) This Court is satisfied with the briefing in this matter and, in the interest of judicial efficiency, issues this Opinion before Plaintiff's deadline for reply.

2

The parties agree that the issue before this Court is whether Plaintiff was disabled during the ten months from April 30, 2014, to February 23, 2015 (the "disputed time period"). (*See* D.E. 18 at 1 n.1; D.E. 19 at 3 n.1.) This Court will therefore only summarize the medical records and analyze the Commissioner's decision with respect to the disputed time period.

Plaintiff saw Dr. Gonzalez on April 28, 2014, with complaints of back and neck pain. (R. 657.) On examination, Dr. Gonzalez noted that Plaintiff's neck had a full range of motion without pain, there was no significant lymphadenopathy or mass, his trachea was midline, his thyroid was not enlarged and did not have a palpable nodule, and there was no evidence of jugular venous distension. (R. 659.) Plaintiff's cervical spine had a normal curvature and full flexion, extension, and lateral bending; the spinous process was non-tender to palpation and percussion; there was no midline shift; and the paraspinal muscles were without tenderness, increased tone, or appreciable trigger point. (*Id.*) Dr. Gonzalez referred Plaintiff for x-rays and instructed him to follow up in one month. (R. 660.) The x-ray of Plaintiff's cervical spine on April 30, 2014, revealed ankylosing spondylitis. (R. 405.) At his next appointment with Dr. Gonzalez in May 2014, Plaintiff's neck again had a "full range of motion without pain." (R. 654.)

At a June 2014 appointment with Dr. Christine Corradino, M.D. ("Dr. Corradino"), at Premier Orthopaedics & Sports Medicine, Plaintiff complained of "occasional numbness" and difficulty with bending and straightening. (R. 406.) On physical examination, he had significant loss of motion and forward flexion and his lumbosacral spine showed limited range of motion. (*Id.*) Plaintiff's x-rays that day were consistent with ankylosing spondylitis. (*Id.*) Dr. Corradino recommended a rheumatological consultation and physical therapy. (*Id.*)

In September 2014, a progress report noted that Plaintiff had been attending physical therapy sessions for approximately three months, with some improvement in range of motion and

3

strength of the cervical spine, and his pain levels were down to a six out of ten. (R. 408.) There do not appear to be any other physical therapy reports from the disputed time period, nor did Plaintiff begin to see a rheumatologist or any other specialists for his spine until after the disputed time period, *i.e.*, after his motor vehicle accident. (*See, e.g.*, R. 474–75 (first rheumatologist appointment on March 9, 2015, noting no swelling of neck and no decrease in range of musculoskeletal motion), R. 510 (initial consultation with Spine and Interventional Medicine on March 25, 2015, noting that Plaintiff "was well without pain or any spine or extremities impairment until February 24, 2015").) At Plaintiff's next appointment with Dr. Gonzalez on October 27, 2014, for a medication refill, five months after his last appointment, Plaintiff again had a "full range of motion without pain" in his neck. (R. 650.)

### C. Administrative Hearing and Appeal

Plaintiff appeared with his attorney and testified at an administrative hearing before ALJ Russak on February 27, 2018. (R. 30.) The ALJ also heard testimony from an impartial vocational expert, Ivory Youngblood ("VE Youngblood"). VE Youngblood testified that there were jobs in the national economy that a person with Plaintiff's age, education, work experience, and RFC limitations, as found by ALJ Russak, could have performed during the disputed time period, including envelope addresser, lens inserter, and eyeglass frames polisher. (R. 38.)

Following the ALJ's partially favorable written decision and Plaintiff's request for review, the Appeals Council proposed to Plaintiff and his attorney that it would issue a decision admitting the improperly excluded 66 pages of medical evidence from Dr. Gonzalez into the record and otherwise adopt the ALJ's decision in full. (R. 9–10.) The Appeals Council offered Plaintiff and his attorney the opportunity to submit a statement as to the facts and law of the case and any

additional evidence, but nothing was submitted. (R. 10.) The Appeals Council therefore issued its proposed decision and Plaintiff subsequently appealed to this Court.

## II.     LEGAL STANDARD

### A.     Standard of Review

In Social Security appeals, this Court has plenary review of the legal issues decided by the Commissioner. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). Yet, this Court's review of the ALJ's factual findings is limited to determining whether there is substantial evidence to support those conclusions. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted). Thus, substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x. 613, 616 (3d Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Importantly, "[t]his standard is not met if the Commissioner 'ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Bailey*, 354 F. App'x. at 616 (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). However, if the factual record is adequately developed, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Daniels v. Astrue*, No. 4:08–cv–1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (internal quotation marks omitted) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). "The ALJ's decision may not be set aside merely because [a reviewing court] would have reached a different decision." *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x. 475, 479 (3d Cir. 2007) (citing *Hartranft*, 181 F.3d at 360). This Court is required to give

substantial weight and deference to the ALJ's findings. *See Scott v. Astrue*, 297 F. App'x. 126, 128 (3d Cir. 2008). Nonetheless, "where there is conflicting evidence, the ALJ must explain which evidence he accepts and which he rejects, and the reasons for that determination." *Cruz*, 244 F. App'x. at 479 (citing *Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978)).

In considering an appeal from a denial of benefits, remand is appropriate "where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits." *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (internal quotation marks omitted) (quoting *Saldana v. Weinberger*, 421 F. Supp. 1127, 1131 (E.D. Pa. 1976)). Indeed, a decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny v. Harris*, 745 F.2d 210, 221–22 (3d Cir. 1984) (citations omitted).

**B.     The Five–Step Disability Test**

A claimant's eligibility for social security benefits is governed by 42 U.S.C. § 1382. An individual will be considered disabled under the Act if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting continuously for at least twelve months. 42 U.S.C. § 423(d)(1)(A). The impairment must be severe enough to render the individual "not only unable to do his previous work but [unable], considering his age, education, and work experience, [to] engage in any kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A claimant must show that the "medical signs and findings" related to his or her ailment have been "established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological

abnormalities which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C. § 423(d)(5)(A).

To make a disability determination, the ALJ follows a five–step sequential analysis. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Cruz*, 244 F. App'x at 480. If the ALJ determines at any step that the claimant is or is not disabled, the ALJ does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Step one requires the ALJ to determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is defined as work that "[i]nvolves doing significant and productive physical or mental duties . . . for pay or profit." 20 C.F.R. §§ 404.1510, 416.910. If the claimant engages in SGA, the claimant is not disabled for purposes of receiving social security benefits regardless of the severity of the claimant's impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the individual is not engaging in SGA, the ALJ proceeds to step two.

Under step two, the ALJ determines whether the claimant suffers from a severe impairment or combination of impairments that meets the duration requirement found in Sections 404.1509 and 416.909. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or a combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or combination of abnormalities that would have a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rule ("SSR") 85–28, 96–3p, 96–4p. An impairment or a combination of impairments is severe when it significantly limits the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If a severe impairment or combination of impairments is not found, the claimant is not disabled. 20

C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the ALJ finds a severe impairment or combination of impairments, the ALJ then proceeds to step three.

Under step three, the ALJ determines whether the claimant's impairment or combination of impairments is equal to, or exceeds, one of those included in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If an impairment or combination of impairments meets the statutory criteria of a listed impairment as well as the duration requirement, the claimant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If, however, the claimant's impairment or combination of impairments does not meet the severity of the listed impairment, or if the duration is insufficient, the ALJ proceeds to the next step.

Before undergoing the analysis in step four, the ALJ must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(a), 404.1520(e), 416.920(a), 416.920(e).  An individual's RFC is the individual's ability to do physical and mental work activities on a sustained basis despite limitations from his or her impairments.  20 C.F.R. §§ 404.1545, 416.945.  The ALJ considers all impairments in this analysis, not just those deemed to be severe.  20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); SSR 96–8p.  After determining a claimant's RFC, step four then requires the ALJ to determine whether the claimant has the RFC to perform the requirements of his or her past relevant work.  20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f).  If the claimant is able to perform his or her past relevant work, he or she will not be found disabled under the Act.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).  If the claimant is unable to resume his or her past work, the disability evaluation proceeds to the fifth and final step.

At step five, the ALJ must determine whether the claimant is able to do any other work, considering his or her RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v). Unlike in the first four steps of the analysis where the claimant bears the burden of persuasion, at step five the Social Security Administration ("SSA") is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's RFC] and vocational factors." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). If the claimant is unable to do any other SGA, he or she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.   DISCUSSION

A.

On September 16, 2019, the Appeals Council, adopting ALJ Russak's decision, held that Plaintiff was not disabled during the disputed time period. (R. 12.) At step one, the Appeals Council found that Plaintiff had not engaged in substantial gainful activity during the disputed time period. (R. 10.) At step two, the Appeals Council found that Plaintiff had the following severe impairment during the disputed time period: ankylosing spondylitis. (*Id.*) At step three, the Appeals Council concluded that Plaintiff did not have an impairment that "meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" during the disputed time period. (*Id.*)

Prior to steps four and five, the Appeals Council adopted the ALJ's RFC finding that Plaintiff had the RFC to perform sedentary work with certain limitations during the disputed time period. (R. 10–11.)[2] At step four, the Appeals Council found that Plaintiff was unable to perform his past relevant work because its demands exceeded his RFC. (R. 11.) Lastly, at step five, the

---

[2] Specifically, the Appeals Council limited Plaintiff to sedentary work as defined in 20 C.F.R § 404.1567(a) and § 416.967(a), "except he could never operate foot controls or foot pedals, never push or pull with the upper extremities, could occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds. He could occasionally stoop, but never crouch, kneel or crawl. He could have no exposure to moving machinery, unprotected heights, or driving vehicles and he could perform no frequent or rapid movement of the neck. Due to physical fatigue and pain, he would have been off task 5% of the day, in addition to regularly scheduled breaks." (R. 10–11.)

9

Appeals Council relied on VE Youngblood's hearing testimony to find that Plaintiff was able to perform other work that existed in significant numbers in the national economy during the disputed time period, including work as an envelope addresser, lens inserter, and eyeglass frames polisher. (R. 12.) The Appeals Council therefore concluded that Plaintiff was not disabled under the Act during the disputed time period. (*Id.*)

B.

On appeal to this Court, Plaintiff seeks reversal or remand of the Commissioner's decision. (*See* D.E. 18 at 1.) Plaintiff asserts that (1) the Appeals Council's and ALJ's RFC finding is not supported by the substantial evidence, (2) the Appeals Council's and ALJ's evaluations of Plaintiff's subjective allegations of pain are not supported by the substantial evidence, and (3) the Appeals Council's and ALJ's reliance on the VE's hearing testimony was improper because the ALJ did not include additional functional limitations regarding Plaintiff's cervical range of motion in the hypothetical questions he presented to the VE. (*See* D.E. 18 at 10–34.) This Court considers each of Plaintiff's arguments in turn and finds them to be without merit.

First, Plaintiff argues that the Appeals Council's decision cannot be supported by substantial evidence where it reached the same RFC finding as the ALJ despite the inclusion of 66 new pages of medical evidence from Dr. Gonzalez. (*See* D.E. 18 at 15–21.)[3] However, the Appeals Council explained why the newly admitted evidence from Dr. Gonzalez did not change the RFC finding, stating that, "even in considering the additional records from Dr. Gonzalez, this assessment is supported by the weight of the clinical evidence in [Plaintiff's] case." (R. 11.) The Appeals Council's conclusion is supported by this Court's review of Dr. Gonzalez's records, (R.

---

[3] As noted above, the Appeals Council proposed to Plaintiff and his attorney that it would issue a decision admitting the improperly excluded medical evidence from Dr. Gonzalez into the record and otherwise adopt the ALJ's decision in full. (R. 9–10.) The Appeals Council offered Plaintiff and his attorney an opportunity to submit a statement as to the facts and law of the case and any additional evidence, but they did not. (R. 10.)

633–98), of which only about 15 pages are treatment records from the disputed time period, (R. 648–51, 653–58, 691–95). As noted by the Appeals Council, Dr. Gonzalez's examination findings during the disputed time period were normal aside from one account of limitation of range of motion in the neck due to pain. (R. 11; *see, e.g.*, R. 650 ("Neck reveals full range of motion without pain."), R. 654 (same), R. 659 (same).) Thus, even in considering the additional records from Dr. Gonzalez, the RFC finding was supported by the weight of the clinical evidence in Plaintiff's case.[4]

Second, Plaintiff argues that the ALJ and Appeals Council did not properly weigh his subjective complaints of pain. (D.E. 18 at 24–27.) However, "[a]llegations of pain and other subjective symptoms must be supported by objective medical evidence." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) (citation omitted). An ALJ may discount a claimant's allegations about the intensity, persistence, or limiting effects of his symptoms where the evidence does not fully support those allegations, and "need only include in the RFC those limitations which he finds to be credible." *Salles v. Comm'r of Soc. Sec*, 229 F. App'x 140, 147 (3d Cir. 2007) (citations omitted); *see* 20 C.F.R. §§ 404.1529 and 416.929; Social Security Ruling 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016).

Here, Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. As the Appeals Council noted, Plaintiff's alleged symptoms were consistent and supported by the objective evidence only to the extent that they related to the period beginning February 24, 2015; at all other times, Plaintiff's alleged symptoms were not consistent

---

[4] Nor does Plaintiff's reliance on a June 2014 examination note from Dr. Corradino at Premier Orthopaedics & Sports Medicine, stating that Plaintiff had "significant loss of motion and forward flexion," warrant a different outcome. (R. 406; *see* D.E. 18 at 21.) That evidence was specifically considered by both the Appeals Council and the ALJ, and Plaintiff had a "full range of motion without pain" in his neck just four months later. (R. 11, 34–35, 650.)

11

with and supported by the evidence of record set forth in the ALJ's decision. (R. 14, 33–35; *see, e.g.*, R. 510 (initial consultation with Spine and Interventional Medicine on March 25, 2015, noting that "Mr. Borbon is a 41-year-old gentleman, who was well without pain or any spine or extremities impairment until February 24, 2015"); R. 650 (examination by Dr. Gonzalez during the disputed time period noting that Plaintiff's "[n]eck reveals full range of motion without pain"); R. 654 (same); R. 659 (same)); *see also Cartagena v. Comm'r of Soc. Sec.*, 29 F. App'x 883, 886 (3d Cir. 2002) (finding that, where an ALJ identified and provided reasons for the evidence she rejected, the record supported a conclusion that the subjective complaints were not credible in view of the "objective medical evidence, the conservative treatment of the claimant and her daily living activities"). Substantial evidence therefore supports the ALJ's determination that Plaintiff could perform sedentary work with sufficient limitations to account for Plaintiff's credibly established limitations during the disputed period. That other evidence may support a different conclusion is not a sufficient reason for remand or reversal because "[t]he ALJ's decision may not be set aside merely because [a reviewing court] would have reached a different decision." *Cruz*, 244 F. App'x. at 479 (citation omitted).

Finally, Plaintiff argues that the Appeals Council's and ALJ's reliance on VE Youngblood's testimony was flawed because the ALJ did not include additional functional limitations with respect to Plaintiff's cervical range of motion in the hypothetical questions he presented to the VE. (D.E. 18 at 28–33.) However, a hypothetical question need only reflect those credibly established functional limitations that are supported by the record. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). The Third Circuit "does 'not require an ALJ to submit to the [VE] every impairment *alleged* by a claimant.' Rather, the ALJ is only required to submit credibly established limitations. Where, as here, a limitation is supported by some medical

evidence but controverted by other evidence in the record, it is within the ALJ's discretion whether to submit the limitation to the VE." *Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (quoting *Rutherford*, 399 F.3d at 554) (internal citations omitted).  For the reasons discussed above, the ALJ's hypothetical question to the VE (via the RFC finding) captured Plaintiff's established functional limitations, and the ALJ was not required to ask the VE any further questions regarding additional limitations.  Where, as here, substantial evidence supports the Commissioner's RFC finding and disability decision, that decision will be affirmed.

### IV.   CONCLUSION

For the foregoing reasons, this Court finds that the Appeals Council's factual findings were supported by substantial credible evidence in the record and its legal determinations were correct. Therefore, the Commissioner's determination is **AFFIRMED**.  An appropriate order follows.


                                              s/ *Susan D. Wigenton*
                                              **SUSAN D. WIGENTON**
                                              **UNITED STATES DISTRICT JUDGE**

Orig:   Clerk
cc:     Parties